UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jason Bernard Blaine,** #171336,<br><br>                              Plaintiff,<br><br>vs.<br><br>Tom Fox, Warden of J. Reuben Long Detention Center;<br>Officer Herring; and<br>Officer Bromell,<br><br>                              Defendant(s). | ) C/A No. 8:07-807-RBH-BHH<br>)<br>)<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>) |

This is a civil rights action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently incarcerated at the J. Reuben Long Detention Center in Horry County. In the Complaint filed in this case, he alleges that he was subjected to cruel and unusual punishment on March 6, 2007 when his cell was flooded with "raw sewage" as a result of a stopped-up toilet in another cell. He claims that Defendants refused to provide cleaning supplies to him and his cell mates so that they could remove the sewage and that after three hours, they used their blankets and towels to clean the floor. According to Plaintiff, he and his cell mates were then required to place their sleeping mats on the same "contaminated" floor so that they could sleep. He states that grievances filed about this situation were never responded to, and that he suffered "stress" and "emotional distress." He asks this Court to prevent such problems at the detention center in the future and to "compensate [him] for [his] emotional distress. Complaint, 5 (Entry 1).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n.7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Servs.*, 901 F.2d 387(4th Cir. 1990).  Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Although prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners.  *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  While "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted).  The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment (or the Fourteenth

2

Amendment in the case of pre-trial detainees)[2] to provide humane conditions of confinement to those under their care.  This means that they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In order to state a viable conditions-of-confinement claim an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference."  *Farmer*, 511 U.S. at 834.  These elements have also been described as the "objective component" and the "subjective component."  *Wilson v. Seiter*, 501 U.S. 294 (1991).  The objective component examines the gravity of the alleged deprivation.  *Hudson v. McMillian*, 503 U.S. 1 (1992).  The subjective component is the state of mind of the prison official(s) alleged to have violated a plaintiff's rights.

Decisions of the United States Court of Appeals for the Fourth Circuit provide more detailed guidelines for the analysis of Plaintiff's claims.  The objective conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise.  *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991).  In *Strickler v. Waters*, 989 F.2d 1375 (4th Cir.1993), the Court said that an inmate complaining about prison conditions must show that the challenged conditions resulted in a *serious* deprivation of a basic human need which, in turn, resulted in *serious or significant* harm.  While these conditions standing alone may not constitute cruel and unusual punishment, they may constitute an Eighth Amendment violation if considered in aggregate, *see McElveen v. County of Prince William*, 725 F.2d 954 (4th Cir. 1984).  The United States Supreme

---

[2] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Plaintiff -- humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d  490, 495 (10th Cir. 1998); *see also Chisolm v. Cannon*, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D. S.C., Feb. 15, 2006).  For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case even though he is a pre-trial detainee and not a convicted prisoner.

3

Court has cautioned, however, that to be considered in aggregate, conditions must have mutually enforcing effects that produce deprivation of a single, identifiable need such as food, warmth, or exercise. *See Wilson v. Seiter*.

Furthermore, the Prison Litigation Reform Act (PLRA) of 1996 placed an important limitation upon all actions arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*See Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003)(§ 1997e's "injury" provision requires more than *de minimus* injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997)(same).

Keeping the above principles in mind, Plaintiff's allegations about his conditions of confinement at the J. Reuben Long Detention Center on one day in March 2007 fail to state a viable claim of cruel and unusual punishment. Although Plaintiff was obviously unhappy about being denied assistance from Defendants and having to clean up the sewage backup from his cell floor and then having to sleep on the same floor, this apparently one-day situation which, according to his allegations, only caused him "stress" and "emotional distress" does not satisfy the "objective component" as discussed in the applicable case law cited above. While having raw sewage on the floor of a room for several hours is certainly not a "good" condition of confinement, it does not appear to have been a long-standing or continuing condition at the detention center, and it does not rise to level of a deprivation of adequate shelter for the detainees. This is especially true in light of the fact that Plaintiff fails to allege that he suffered any type of *physical* injury from the situation as required in order to state a viable conditions-of-confinement claim

4

under 42 U.S.C. § 1983.[3]  See 42 U.S.C. § 1997e(e).  None of Plaintiff's allegations show that he was subjected to any type of serious or substantial harm from any of the conditions that he contends violated his constitutional rights.  Since Plaintiff's allegations fail to satisfy the objective component of a viable Eighth or Fourteenth Amendment claim, it does not matter whether or not Defendants' allegedly knowing refusal of assistance in the floor cleanup could arguably satisfy the subjective component of such a claim under different circumstances.  *Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004).

Furthermore, to the extent that Plaintiff's Complaint could be construed as claiming that his constitutional rights were violated by Defendants' failure to respond to his grievance filed after the floor cleaning episode, no viable § 1983 claim is stated.   It is well settled that prison inmates, including pre-trial detainees, have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated.  *See*, *e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D. Va. 1994).   Simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees.  *See Mann*.  As a result, even if corrections officials  fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case in Horry County, such failure is not actionable under § 1983.  *See Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986);  *Azeez v. DeRobertis*, 568 F.Supp. 8, 9-11  (N.D. Ill. 1982).

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.  *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996)(emphasis added).

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

        Respectfully submitted,

        s/Bruce Howe Hendricks
        United States Magistrate Judge

March 29, 2007
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).