IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| JASON BERNARD BLAINE, | ) | Civil Action No.: 8:07-807-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TOM FOX, Warden J. Reuben Long | ) | |
| Detention Center; OFFICER NFN | ) | |
| HERRING; OFFICER NFN BROMELL; | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court with the Report and Recommendation [Docket Entry #6] of Magistrate Judge Bruce Howe Hendricks filed on March 29, 2007.  Plaintiff brought this action under 28 U.S.C. § 1983 concerning the conditions of his confinement at the J. Reuben Long Detention Center in Conway, South Carolina.  Plaintiff seeks monetary damages and injunctive relief stemming from alleged unsanitary conditions and overcrowding at J. Reuben Long.  Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on April 6, 2007.  On or about April 11, 2007, Plaintiff was transferred from J. Reuben Long to the Kirkland Correctional Institution in Columbia, South Carolina where he is currently incarcerated.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific

objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id*.  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Magistrate Judge recommended summary dismissal of the Plaintiff's claims for failure to state a viable claim of cruel and unusual punishment.  Having reviewed the Plaintiff's objections and applicable law, the court agrees with the Report and Recommendation of the Magistrate Judge and finds that the Plaintiff's objections are without merit.

As to Plaintiff's claim for monetary damages, Plaintiff has failed to allege that he suffered any physical injury as a result of his living conditions.  Title 42 U.S.C. § 1997e(e) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  "As a prisoner, 42 U.S.C. 1997e(e) limits any recovery for mental or psychological damages to those cases which also include physical injury resulting from the complained-of conditions of confinement." *Webb v. Fox*, No. 9:06-1780-PMD, 2007 WL 1219402, at *6 (D.S.C. April 24, 2007).  Because the Plaintiff has not alleged that he suffered from any physical injuries as a result of the conditions of his confinement, his § 1983

2

claim for monetary damages must be dismissed.

Plaintiff also appears to make a claim for injunctive relief.  To the extent that Plaintiff seeks injunctive relief, 42 U.S.C. § 1997e(e) does not require a plaintiff to suffer physical injury before bringing a claim for injunctive relief. *See Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (stating "§ 1997e(e) does not apply to claims seeking injunctive or declaratory relief").  However, since the Plaintiff has been transferred to Kirkland Correctional Institution and is no longer subject to the conditions of confinement of which he complained, his claim for injunctive relief is moot. *See Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977); *Brooks v. Ward*, 97 F.R.D. 529, 531 (W.D.N.C. 1983).

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference.  Accordingly, Plaintiff's claims are **DISMISSED without prejudice** and without issuance and service of process.

**IT IS SO ORDERED**.


May 10, 2007                                              s/ R. Bryan Harwell
Florence, South Carolina                           R. Bryan Harwell
                                                               United States District Judge

3